UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

AUG - 2 2022

NATHAN OCHSNER
CLERK OF COURT

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **vs.** | § | **CRIMINAL NO. B-21-392-S3-02** |
| **OSIEL CARDENAS-SALINAS, JR.** | § | |

## PLEA AGREEMENT

COMES NOW the United States of America, by and through its attorneys, JENNIFER B. LOWERY, Acting United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorney, and the defendant, **Osiel Cardenas-Salinas, Jr.**, and the defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. The defendant agrees to plead guilty to __4__ of the Superseding Indictment in this case. **Count 4** of the Superseding Indictment charges the defendant with Smuggling of Goods from the U.S., in violation of Title 18, United States Code §554 and 18 U.S.C. 2. The defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

2. As part of this agreement, the United States agrees to recommend credit for Acceptance of Responsibility and sentencing at the mid-range of the advisory guideline level the defendant scores.

3. The penalty for a violation of Title 18, United States Code, Section 554 and 18 U.S.C. 2, is a maximum term of imprisonment of __10__ years, a fine of $250,000, and a

*Revised May 2019*

period of supervised release not to exceed _3_ years.  The defendant also acknowledges and understands that if (s)he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then the Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation.  The defendant is not eligible for parole for any sentence imposed.

4.  The defendant will pay to the United States District Clerk a special assessment in the amount of one-hundred dollars ($100.00) per count of conviction, as required in Title 18, United States Code, Section 3013(a)(2)(A).  The payment will be by certified check payable to United States District Clerk, Brownsville, Texas 78520.

5.  The defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any is ordered.

6.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

7.  Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he/she is requested to do so.   In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his/her sentencing.

8. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.  Defendant also recognizes that if he/she is a naturalized citizen, pleading guilty may result in loss of citizenship.  Defendant's attorney has advised Defendant of the potential immigration and/or denaturalization (loss of citizenship) consequences resulting from Defendant's plea of guilty.

9.  The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines.  The defendant understands and agrees that whether such a motion is filed, will be determined solely by the United States through the United States Attorney for the Southern District of Texas.  Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance", the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statement. The defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in this agreement.   The defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

10.  The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to the specific facts of the present offense.   The defendant

understands that such information includes both state and federal offenses arising

therefrom.  In that regard:

(a)    Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b)    Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his/her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)    Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)    Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e)    Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation.

(f)    Should the recommended departure, if any, not meet the defendant's expectations, the defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

11.    Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed.  The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has

*Revised May 2019*                                                    4

become final. The defendant knowingly and voluntarily waives the right to contest his/her

conviction or sentence by means of any post-conviction proceeding. If the defendant files

a notice of appeal following the imposition of sentence, the government will seek specific

performance of this provision. Nothing in the foregoing waiver of appellate and collateral

review of rights shall preclude the defendant from raising a claim of ineffective assistance

of counsel in an appropriate forum.

In exchange for the Agreement with the United States, Defendant waives all

defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and

the statute of limitations with respect to any prosecution that is not time barred on the

date that this Agreement is signed, in the event that (a) Defendant's conviction is later

vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c)

Defendant's plea is later withdrawn.

12.    In agreeing to these waivers, defendant is aware that a sentence has not

yet been determined by the Court. The defendant is also aware that any estimate of the

possible sentencing range under the sentencing guidelines that he/she may have

received from his/her counsel, the United States or the Probation Office, is a prediction,

not a promise, did not induce his/her guilty plea, and is not binding on the United States,

the Probation Office or the Court. The United States does not make any promise or

representation concerning what sentence the defendant will receive. Defendant further

understands and agrees that the United States Sentencing Guidelines are "effectively

advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly,

Defendant understands that, although the Court must consult the Sentencing Guidelines

*Revised May 2019*                                                     5

and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

13.  The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in paragraph 2 of this plea agreement.

14.  The United States reserves the right to carry out its responsibilities under guidelines sentencing.  Specifically, the United States reserves the right:

(a)   to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)   to set forth or dispute sentencing factors or facts material to sentencing;

(c)   to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d)   to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

15.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing

Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

16.    Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)    If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to present witnesses and other evidence on his/her own behalf. If the witnesses for defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court.

(c)    At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he/she could testify on his/her own behalf.

17.    If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the

*Revised May 2019*                                                7

United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

18.     This written plea agreement, consisting of nine pages, including the attached certifications of defendant and his/her attorney, constitutes the complete plea agreement between the United States, defendant and his/her counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

19.     Any modification of this plea agreement must be in writing and signed by all parties.

Defendant
Osiel Cardenas-Salinas, Jr.

APPROVED:

Assistant U.S. Attorney

Attorney for Defendant

## CERTIFICATION BY THE DEFENDANT

I have consulted with my counsel and fully understand all my rights with respect to the charge(s) pending against me.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and I voluntarily agree to it.

_____
Defendant
Osiel Cardenas-Salinas, Jr.

_____7/19/2022_____
Date

## CERTIFICATION BY ATTORNEY

I have fully explained to the defendant, his rights with respect to the pending indictment/information.  Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Counsel for Defendant

_____7/19/2022_____
Date

## PLEA PACKET MEMO

ASSIGNED AUSA: **Elena Llanos-Salinas**

DEFENDANT:          **Osiel Cardenas-Salinas Jr**.

CASE #:                  **B-21-392-S3-02**

Recommendation in exchange for Defendant's Plea to the **Counts 4 and WAIVER OF APPEAL RIGHTS** as outlined in the plea agreement:   credit for Acceptance of Responsibility and sentencing at the mid-range of the advisory guideline level the defendant scores.

## FACT SUMMARY

During April 2021, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereafter ATF) conducted an investigation due to **defendant Molina-Medrano's** interest in purchasing AK-47 type rifles, AR-15 type rifles, PS-90/P-90 type firearms, and various pistols on behalf of an individual later identified as **co-defendant Osiel Cardenas-Salinas** Jr. The weapons were to be exported into Mexico.  On April 19, 2021, the ATF undercover spoke with **defendant Molina-Medrano** (who self-identified himself as "Hurraco") in order to confirm the delivery date of April 22, 2021, and the purchase price of $13,000 in U.S. currency. During this conversation, **defendant Molina-Medrano** indicated to the undercover agent that there would be future firearms purchases because his "Camaradita" or friend was very well connected in Mexico.  Further investigation by ATF and Homeland Security Investigations (HSI) revealed that "Camaradita" was **defendant Osiel Cardenas Salinas Jr.**

On April 21, 2021, **defendant Molina-Medrano** communicated to the undercover agent (U/C) that only the five (5) AK-47 type rifles, the five (5) AR-15 type rifles, and ammunition to test the AK-47 and AR-15 type rifles would be purchased for the following day leaving the two (2) P-90 firearms and the Glock pistol for a later time.

On April 22, 2021, federal agents conducted an enforcement operation for the exchange of five (5) Ak-47 rifles, five (AR)-15 rifles along with ammunition for these weapons.  The undercover agent had agreed to meet **defendant Molina-Medrano** at a Brownsville, Texas store parking lot. Agents conducting surveillance of the area, observed **Molina-Medrano** driving a 2008 Chevrolet Silverado truck park near the undercover vehicle, where the U/C made contact with **defendant Molina-Medrano** and boarded **Molina-Medrano's** truck. During the meeting for the weapons exchange, **defendant Molina-Medrano** indicated to the U/C that another vehicle would be arriving shortly with the purchase money for the ten (10) weapons. The U/C then opened the trunk of the U/C vehicle and showed **Molina-Medrano** the ten (10) weapons. After **Molina-Medrano** observed the ten assault rifles in the duffel bags, **Molina-Medrano** then made a call to the money man and asked him to come to his location.  Shortly thereafter **Defendant Azhuan Martinez** arrived in a Jeep Grand Cherokee at the meeting place and parked close to the U/C vehicle.  **Defendant Molina-Medrano** then informed the U/C agent that the driver of the Jeep Grand Cherokee, **defendant  Martinez**, had the purchase money for the weapons.  Thereafter, the U/C agent advised a second U/C agent

to make contact with **defendant Martinez** in order to count the payment for the weapons. The second U/C agent then walked over to **defendant Martinez'** vehicle and **defendant Martinez** pulled out a bag and displayed a large amount of US currency. **Defendant Molina-Medrano** then placed the two duffel bags containing the 10 weapons into defendant **Martinez'** Grand Cherokee and **defendant Martinez** handed the second U/C agent the stack of US currency.

An examination of text messaging on April 21, 2021, between **defendant Cardenas-Salinas Jr** and **defendant Martinez** revealed that **defendant Cardenas-Salinas Jr.** directed **defendant Martinez** to cross into Mexico to pick up United States currency from an unindicted co-conspirator. Agents were able to corroborate defendant Martinez's POE crossing history with the text messaging between the two defendants. Additional messaging on April 22, 2021, from **defendant Cardenas-Salinas Jr.** to **defendant Martinez** indicated that the 15 thousand was for Hurraco's friend. **Molina-Medrano** was identified as Hurraco in the text messaging and the reference to the friend was the U/C agent that was set to deliver the 10 assault rifles later that day. In addition, **Defendant Cardenas-Salinas Jr.** instructed **defendant Martinez** via text messaging to inform **Cardenas-Salinas Jr** when the weapons transaction had been completed.

**Defendants Molina-Medrano and defendant Martinez** admit that they were knowingly attempting to export from the United States to the Republic of Mexico  five (5) Bushmaster rifles XM15-E2S, caliber .223-5.56 (identified as the AR-15s) and five (5) Zastava rifles, model M90, caliber 7.62x39 (identified as the AK-47) on behalf of **defendant Osiel Cardenas-Salinas Jr.** contrary to law and regulation of the United States, to wit: Title 22, United States Code, Section 2778.

I agree the above factual summary accurately represents my involvement in the crime to which I am pleading guilty and that the proposed plea agreement accurately and fully describes my plea agreement with the government.


_____
Defendant

_____
Counsel for Defendant

_____
Assistant United States Attorney

2